**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONALD L. DAVIS,

    Plaintiff,

v.                                                Case No. 06-CV-10461-DT

AUDBERTO ANTONINI, M.D.,

    Defendant.
                                                      /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFF'S REMAINING CLAIM**

On February 7, 2007, Magistrate Judge R. Steven Whalen issued a Report and Recommendation in the above-captioned matter, recommending that the court grant Defendant Audberto Antonini's motion for summary judgment, deny Defendant's motion to dismiss, *sua sponte* dismiss Plaintiff Ronald Davis's intentional infliction of emotional distress claim and enter a dismissal with prejudice in favor of Defendant. Plaintiff's objections to the Magistrate Judge's report and recommendation were filed February 22, 2007. The court will overrule the objections, adopt the report and recommendation grant Defendant's motion for summary judgment, deny Defendant's motion to dismiss and dismiss Plaintiff's state law claim of intentional infliction of emotional distress.

### I. STANDARD

#### A. Summary Judgment Standard

Federal Rule of Civil Procedure 12(b)(6) contemplates dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also states that if a motion to dismiss under paragraph (6) includes the presentation of

"matters outside the pleading, . . . the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Therefore, when reviewing a Rule 12(b)(6) motion to dismiss, the court will take the plaintiff's factual allegations as true, and determine whether Plaintiff is entitled to relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001); *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank,* 916 F.2d 337, 341-42 (6th Cir. 1990). The Court must permit reasonable inferences to be drawn in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000). Once the moving party in a summary judgment motion identifies portions of the record that demonstrate the absence of a genuine dispute over material

facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify *specific facts* in affidavits, depositions or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23.

## B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the

district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II.  DISCUSSION

In his report and recommendation, the Magistrate Judge reviewed the evidence appended to the Defendant's motion to dismiss and concluded that, viewed in the light most favorable to Plaintiff, it was insufficient to state a federal claim, and the court should dismiss Plaintiff's claims with prejudice.

Plaintiff bases his Eighth and Fourteenth Amendment violation claims on Defendant's supposed "deliberate indifference" to his serious medical needs. Prisoners have a constitutional right under the Eighth Amendment to reasonably necessary medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976), and prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104.

Plaintiff's central problem herein is that the evidence submitted by Defendant in support of his motion has not been rebutted. The evidence shows clearly that Defendant did not act with deliberate indifference in violation of constitutional standards. Plaintiff's response to the motion to dismiss was largely off-point and general. The actual evidence submitted shows a pattern of medical treatment which, if not wholly successful, was at least minimally responsive to Plaintiff's stated needs. The possibility

of Plaintiff's malingering did not apparently deter Defendant from ordering tests, treatments and on occasion wheelchair availability to Plaintiff.

Plaintiff's objections to the report and recommendation, moreover, are general and do not point to any particular allegation of legal or factual mistake in the report. Plaintiff complains of Defendant's alleged failure to timely respond to the summons and that a default should have been entered (Obj. ¶ 1-6), that discovery was not permitted before a ruling on the motion (Obj. ¶ 7), that the magistrate judge did not examine the evidence presented in the light most favorable to the Plaintiff (Obj. ¶ 8-24), that Plaintiff "believes he has proven there was a causal connection" between the alleged deliberate indifference and the alleged injuries (Obj. ¶ 25-41) and that the magistrate judge "should not have recommended" that the infliction of emotion distress claim be dismissed since it is "intertwined" with the other claims (Obj. ¶ 42-43). The magistrate judge did a sound job of reviewing the evidence and the law. This court agrees and will adopt the report and recommendation.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's objections [Dkt. # 30] are OVERRULED and the Magistrate Judge's Report and Recommendation [Dkt. # 29] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 20] is GRANTED, Defendant's motion to dismiss [Dkt. #10] is DENIED and

Plaintiff's state law claim of intentional infliction of emotional distress is dismissed under Federal Rule of Civil Procedure 12(b)(1).

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2007, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522