# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD L. DAVIS,

    Plaintiff,

v.                                             Case No. 06-CV-10461-DT

AUDBERTO ANTONINI,

    Defendant.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S "MOTION TO PROCEED *IN FORMA PAUPERIS*" AND DENYING PLAINTIFF'S "MOTION FOR THE APPOINTMENT OF COUNSEL"

Pending before the court are Plaintiff Donald Davis's *pro se* "Motion to Proceed in Forma-Pauperis" and "Motion for the Appointment of Counsel." This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Plaintiff pauper status on appeal and deny his motion to appoint counsel.

Plaintiff first requests that the court permit him to proceed *in forma pauperis* on appeal. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, Plaintiff asserts that he is indigent and that his appeal is taken in good faith. Plaintiff also submits the requisite affidavits to support his request for an *in forma pauperis* proceeding. Thus, the court is satisfied that Plaintiff's *in forma pauperis* proceeding request is warranted, and his appeal is taken in good faith.

Plaintiff next asks the court to appoint counsel to aid Plaintiff in his appeal. Although, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to

represent any person unable to afford counsel," representation of counsel in a civil case is not a constitutional right. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). When considering a motion for appointment of counsel, the court "should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) "is a privilege that is justified only by exceptional circumstances," *Lavado*, 992 F.2d at 606, and is not appropriate when a *pro se* litigant's claims are frivolous, *Henry v. City of Detroit Manpower Dept.*, 739 F.2d 1109, 1119 (6th Cir. 1984), or when the chances of success are extremely slim. *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983); *McKeever v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982). A district court in examining an application for appointment of counsel is expected to exercise sound discretion. *Lavado,* 992 F.2d at 604-05.

Plaintiff seeks the appointment of counsel for several reasons, including his limited financial resources, limited knowledge of the law, and the allegedly complex issues in this case. The court, however, does not find that exceptional circumstances warrant appointment of counsel under § 1915(e)(1). Plaintiff neither provides facts indicating that he attempted to retain counsel prior to asking for the court's assistance, nor does Plaintiff allege facts indicating that his claim is sufficiently meritorious to justify appointment of counsel. Moreover, unlike in criminal cases, the court does not have at its disposal a roster of attorneys who the court can "appoint" to represent a civil party. At the most, the court could only *request* an attorney under 28 U.S.C. § 1915(e) to

represent Plaintiff at no cost. The court is not persuaded that such a request is merited in this case, and Plaintiff's motion to appoint counsel will thus be denied. Accordingly,

IT IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* on appeal [Dkt. # 39] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel [Dkt. # 38] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 27, 2007, by electronic and/or ordinary mail.

      S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522